# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LUIS D. SANCHEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV-04-558-S |
| ) | |
| RON WARD, et. al., ) | |
| ) | |
| Defendants.) | |

## ORDER

Before the court for its consideration is the Defendants' Ward, Mullin, Cable and Richmond Motion to Dismiss/Motion for Summary Judgment and Brief in Support filed June 17, 2005. The court will treat the motion as one for summary judgment since it must consider matters outside of the record. This matter is also before the court on its own motion to consider dismissal of the case as frivolous under 28 U.S.C. Sec. 1915.

Plaintiff filed his complaint in this court on December 17, 2004. Along with his complaint plaintiff filed a Motion to Proceed *In Forma Pauperis*. On January 6, 2005, plaintiff filed an Amended Motion to Proceed *In Forma Pauperis*. On January 26, 2005, an order was entered granting plaintiff's request to proceed *in forma pauperis*. On April 4, 2005, a Motion to Stay Proceedings and Request for Order Requesting Special Report was filed. On April 18, 2005, an order was entered staying the proceedings and ordering a special report. On June 17, 2005, a special report was filed with this court. On this same date defendants also filed a motion to dismiss/motion for summary judgment. In this motion, defendants argue plaintiff failed to exhaust his administrative remedies pursuant to 42 U.S.C. Sec.

1

1997e.  Defendants also argue that defendants did not expose plaintiff to a substantial risk of serious harm, plaintiff has not demonstrated any evidence of ongoing administrative violations, defendants were not deliberately indifferent to plaintiff's need, plaintiff's allegations of torts and crimes are improperly asserted and must be dismissed, defendants are protected by qualified immunity, defendants are immune from a suit for damages in their official capacities under the Eleventh Amendment, and plaintiff has failed to show that he is entitled to the extreme remedies he seeks.

Plaintiff filed an objection to this motion arguing that he did not fail to exhaust his administrative remedies.  He argues that once he discovered that his rights had been violated he used the form provided by the staff at the Oklahoma State Penitentiary.  Thus, if the form was defective it was defendants fault for providing the wrong form.  Plaintiff also has argued in the course of this litigation that his Request to Staff was not timely filed because he does not have a command of the English language and needed assistance filling out the form.

The court has before it for consideration plaintiff's complaint, the defendants' motion to dismiss/motion for summary judgment, plaintiff's response, and a special report prepared by the Oklahoma Department of Corrections ("DOC") at the direction of the court, in accordance with <u>Martinez v. Aaron</u>, 570 F.2d 317 (10th Cir. 1978).

Plaintiff is an inmate in the custody of the Oklahoma Department of Corrections.  Plaintiff is currently incarcerated at the Oklahoma State Reformatory in Granite, Oklahoma.  Previous to that, he was incarcerated at the Oklahoma State Penitentiary

in McAlester, Oklahoma. Plaintiff brings this action pursuant to 42 U.S.C. Sec. 1983 for alleged constitutional violations occurring during his incarceration at the Oklahoma State Penitentiary. The defendants are Ron Ward, the Director at the Oklahoma Department of Corrections, Mike Mullin, the Warden for the Oklahoma State Penitentiary, and Sgts. Cable and Gary Richmond who are employed at the Oklahoma State Penitentiary.

In his complaint, plaintiff alleges the defendants were deliberately indifferent to the safety and security of plaintiff because on September 8, 2003, plaintiff was stabbed by another inmate. In his complaint, plaintiff seeks a preliminary and permanent injunction. Plaintiff also seeks nominal, compensatory and punitive damages.

The special report filed June 17, 2005, investigated plaintiff's allegations and found no action needed to be taken.

**STANDARDS OF SUMMARY JUDGMENT**

Summary Judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c); See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The moving party has the burden of demonstrating the absence of a genuine issue of fact. Celotex v. Catrett, 477 U.S. 317, 325 (1986). If this initial burden is satisfied, the nonmoving party then has the burden of coming forward with specific facts showing there is a genuine issue for trial as to elements essential to the nonmoving party's case. Matsushita Elec. Indus. Co. v.

Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991). The nonmoving party cannot rest on the mere allegations of the pleadings, but must go beyond the pleadings and "set forth specific facts showing there was a genuine issue for trial as to those dispositive matters for which [it} carries the burden of proof." Applied Genetics v. First Affiliated Securities, 912 F.2d 1238, 1241 (10th Cir. 1990).

"A fact is 'material' only if it 'might affect the outcome of the suit under the governing law,' and a dispute about a material fact is 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Thomas v. IBM, 48 F.3d 478, 486 (10th Cir. 1995) (quoting Anderson, 477 U.S. at 248). In this regard, the court examines the factual record and reasonable inferences therefrom in the light most favorable to the nonmoving party. Deepwater Invs. Ltd. v. Jackson Hole Ski Corp, 938 F.2d 1105, 1110 (10th Cir. 1991). This court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249. With these standards in mind, the court turns to the merits of the defendants' motion.

## FINDINGS OF FACT

On September 8, 2003, plaintiff was mopping the floors in the prison. At this time, he was stabbed by another inmate. On October 8, 2004, plaintiff filed a Request to Staff regarding the incident. Plaintiff also filed grievance # 04-307 on November 2, 2004, regarding the above incident. This grievance was returned and plaintiff was advised that it was filed too late, was

4

submitted improperly and that it was filed on an obsolete form. Plaintiff did not re-submit grievance # 04-307. He did not file any other grievance regarding the stabbing.

The Department of Correction's grievance procedure requires an inmate to attempt informal resolution of a problem. It provides an inmate must try to resolve the complaint by talking with the case manager, probation or parole officer, supervising employee or other appropriate staff within three days of the incident. If the problem is not resolved through discussion, the inmate may file a written Request to Staff. The Request to Staff must be directed at the appropriate staff member, generally a unit staff member, and stating completely, but briefly the problem. The Request to Staff must be specific as to the complaint, dates, places, personnel involved and how the inmate/offender was affected. The Request to Staff must be submitted within seven calendar days of the incident. If an inmate does not receive the relief he seeks at that level, he may then file a written grievance to the facility reviewing authority. This grievance must be submitted within fifteen calender days of the incident or the date of the response to the Request to Staff form whichever is later. The final step in the grievance process involves appealing the facility's reviewing authority's decision to the Administrative Review Authority. The decision of the Administrative Review Authority is final and will conclude the administrative remedy available to the inmate/offender within the jurisdiction of the Oklahoma Department of Corrections. All medical grievances will be submitted to the facility correctional health services administrator for resolution.

## ARGUMENTS AND AUTHORITIES

## I. Exhaustion of Administrative Remedies

After a review of the record before it, the court has determined that plaintiff failed to exhaust his administrative remedies.

The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. Sec. 1997e(a).

In <u>Jernigan v. Stuchell</u>, 304 F.3d 1030, 1032 (10th Cir. 2002) the Tenth Circuit Court of Appeals stated:

> An inmate who begins the grievance process but does not complete it is barred from pursuing a 42 U.S.C. Sec. 1983 claim under the Prison Litigation Reform Act for failure to exhaust his administrative remedies. <u>Wright v. Hollingsworth</u>, 260 F.3d 357, 358 (5th Cir. 2001). In <u>Wright</u>, an inmate alleged that he had substantially complied with the administrative procedures but did not see the process to its conclusion. The court noted that the PLRA does not "enable judges, by creative interpretation of the exhaustion doctrine, to prescribe or oversee prison grievance systems." <u>Wright</u> at 358.

The express language of 42 U.S.C. Sec. 1997e(a) mandates exhaustion in all suits "brought with respect to prison conditions". In the face of such a clear directive, the court cannot weigh the fairness of the exhaustion requirement or entertain exemptions from its reach. <u>Porter v. Nussle</u>, 534 U.S. 516 (2002)(holding exhaustion required for all prisoner suits, regardless of whether they involve general circumstances of

6

incarceration or particular episodes, and whether they allege
Eighth Amendment violation based on use of excessive force or
some other wrong.)

Plaintiff has argued that he did not have a command of the
English language and that he needed help filling out the
grievance forms.  He said that he could not find anyone to help
him fill out the grievance forms.  He claims the form was late
because it took him a while to get assistance.  Defendants argue
that plaintiff was employed as an orderly in the F-Cell House at
the Oklahoma State Penitentiary.  This job required him to be
proficient in English in order to qualify for that position.  He
had to be proficient in English to communicate with the staff and
other inmates to perform his duties.  Further, defendants
testified by affidavit that plaintiff has filed Requests to Staff
in English in the past with no difficulty. The court finds there
is sufficient evidence that plaintiff was proficient enough in
English to fill out the grievance forms in question. He had done
so in the past.  Further, he is representing himself in this
litigation.  Based on the pleadings he has submitted to this
court he appears to be able to read and write in the English
language with adequate proficiency.

The grievance forms filed by plaintiff concerning this
incident were done a year or more after the alleged incident.
Under the procedures in place, these documents were untimely.
After careful review, the court finds the plaintiff has failed to
make any viable argument that he has exhausted his administrative
remedies as to any claims.  Further, he has cited no authority or
facts to demonstrate he was denied access to those administrative
procedures.  Accordingly, the defendant is granted summary
judgment as to those claims.  As a result, plaintiffs claims must

be dismissed pursuant to 42 U.S.C. Sec. 1997e (a) for failure to exhaust his administrative remedies.

This court authorized the commencement of this action *in forma pauperis* under the authority of 28 U.S.C. Sec. 1915. Subsection (e) of that statute permits the dismissal of a case when the court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact. <u>Nietzke v. Williams</u>, 490 U.S. 319 (1989) and <u>Yellen v. Cooper</u>, 828 F.2d 1471, 1475 (10th Cir. 1987). Accordingly, defendants' motion for summary judgment is hereby **GRANTED** and this case is hereby **DISMISSED** as being frivolous.

**IT IS SO ORDERED** this 9th day of March, 2006.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma